[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2006
THOMAS K. KAHN
CLERK

No. 06-11504
Non-Argument Calendar

D. C. Docket No. 03-62136-CV-PAS

FIREMAN'S FUND INSURANCE COMPANY,

Plaintiff-Cross
Claimant-Counter
Defendant-Cross
Defendant-Appellant,

versus

TWIN CITY FIRE INSURANCE,

Defendant-Counter
Claimant-Cross
Claimant-Appellee,

LIBERTY MUTUAL INSURANCE COMPANY,
J.C. PENNEY, INC.,

Defendant-Appellees.

_____

_____

D.C. Docket No. 03-62143-CV-PAS

_____

FIREMAN'S FUND INSURANCE COMPANY,

Plaintiff-Counter
Defendant-Appellant,

versus

J.C. PENNEY CORPORATION, INC.,
LIBERTY MUTUAL INSURANCE COMPANY,
TWIN CITY FIRE INSURANCE CO.,

Defendants-Counter
Claimants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 18, 2006)**


Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This appeal involves a question of insurance coverage under Florida law. In an order entered on September 12, 2005, the district court granted Twin City Fire Insurance Company's motion for summary judgment and denied Fireman's Fund's cross-motion for summary judgment. Specifically, the district court determined

that the Fireman's Fund's policies covered the J.C. Penney settlement in the underlying action.

The underlying action is a wrongful death suit brought by the estate of Jessica Enriquez, a young child who was killed when a shelving unit manufactured by Trendlines Home Fashions, Inc., fell on her at a J.C. Penney outlet store. The district court determined that Fireman's Fund was contractually required to contribute funds toward a settlement that Liberty Mutual and Twin City reached in the underlying Enriquez lawsuit.

Our review of a district court's grant of summary judgment is plenary. *Polkey v. Transtecs Corp.*, 404 F.3d 1264, 1267 (11th Cir. 2005).

In this appeal, Fireman's Fund contends that the non-product liability claims against J.C. Penney do not fall within the scope of coverage granted by its vendors endorsement. Moreover, Fireman's Fund insists, if the claims are found to be within the scope of the grant of coverage, they fall within a specific policy exclusion.

The vendors endorsement written by Fireman's Fund granted coverage to J.C. Penney for "bodily injury . . . arising out of [Trendline's] products which are distributed or sold in the regular course of [Penney's] business. . . ." (R-70-12.) The recent case of *Taurus Holdings, Inc. v. United States Fidelity & Guaranty*

*Co.*, 913 So.2d 528 (Fla. 2005), is dispositive of this issue. In that case, the

Florida Supreme Court held:

> Based on the analysis above, we agree with the majority of states and conclude that the phrase "arising out of your product" in the products-completed operations hazard exclusions at issue is unambiguous. "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with.'" *Hagan*, 675 So.2d at 965. As we implied in *Race*, 542 So.2d at 351, this requires more than a mere coincidence between the conduct (or, in this case, the product) and the injury. It requires "some causal connection, or relationship." *Heritage Mut. Ins. Co.*, 657 So.2d at 927. But it does not require proximate cause. *Race*, 542 So.2d at 348.

*Id.* at 539-40.

Since there is no dispute that the underlying injury was inflicted by a

Trendline product that was for sale by Penney, we conclude that the underlying

bodily injury falls within this broad grant of coverage written by Fireman's Fund.

We also conclude that because Fireman's Fund failed to carry its burden of

clearly excluding from coverage injuries arising out of products that are

negligently assembled by the vendor for display on the sales floor, the district

court correctly held that no exclusion bars coverage in this case.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Twin City Fire Insurance Company and its denial of Fireman's Fund's motion for summary judgment.

**AFFIRMED.**